# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        v.                                    Criminal Action No. 2:13cr4

**BRANDON EDWARD ANDERSON,**
      **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Brandon Edward Anderson, in person and by counsel, Brian J. Kornbrath, appeared before me on April 16, 2013. The Government appeared by Brandon Flower, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Twenty-Nine of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Brandon Edward Anderson, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Twenty-Nine of the Indictment and the elements the government would have to prove, charging him with possession of pseudoephedrine to be used in the manufacture of methamphetamine, in violation of Title 21, U.S.C. Section 841(c)(2).

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Twenty-Nine of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood

that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

Defendant also understood and voluntarily abandoned to the West Virginia State Police all right, title, interest and claim to the items to which paragraph 2 of the written plea agreement refers.

The undersigned also reviewed with Defendant his conditional waiver of appellate rights as follows:

Ct: Did you and Mr. Kornbrath discuss, and do you understand from that discussion, that you have a right under 18 USC section 3742 to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals, which is located in Richmond, Virginia, provided you give notice of such an appeal within 14 days following your sentence

Def: Yes, your Honor.

Ct: Did you also discuss with Mr. Kornbrath and did you understand from that discussion that you may file a motion under 28 USC Section 2255 collaterally attacking or challenging your sentence and how that sentence is being carried out?

Def: Yes, your Honor.

Ct: Did you discuss with Mr. Kornbrath and did you understand from that discussion that under paragraph 14 of your written plea agreement, if the District Judge sentences you to an actual sentence which is the same as or equal to or same as a guideline-calculated sentence which is consistent with a total adjusted guideline level of 26 or lower, then you give up your right to appeal that sentence to the Fourth Circuit and you give up your right to collaterally attack or challenge that sentence using a habeas corpus motion?

Def: Yes, your Honor.

Ct:     And you intended to give up those valuable rights under paragraph 14 and the conditions contained in it?

Def:    Yes, I do, your Honor.

Ct:     Do you understand that total adjusted guideline level 26 or lower means that you start out with something in an offense level higher than 26 then you take off adjustments for acceptance of responsibility - - timely acceptance of responsibility. You might even get an adjustment if you meet all the qualifications, for safety valve. After all those adjustments are taken off, if any, and it comes to an adjusted guideline level of 26 or lower, then you give up those appeal rights we talked about. Do you understand that?

Def:    Yes, your Honor.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea bargain agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on April 9, 2013, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea

bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Twenty-Nine of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Twenty-Nine of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

  Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further understood there was no parole in the federal system, although he may be able to earn

institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Brandon Edward Anderson, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Twenty-Nine of the Indictment.

The Court heard the testimony of West Virginia Senior State Trooper Victor Pyles, who testified he is a certified clandestine lab technician. He was involved in an investigation regarding Defendant's co-defendant William Trent Richardson. On September 12, 2012, Officers traveled to Richardson's residence to discuss with him excessive purchases of pseudoephedrine. When the officers arrived at Richardson's residence they immediately smelled the odor of a methamphetamine lab. They entered after one officer saw an individual who was later identified as Richardson appearing to be disposing of items used in the manufacture of methamphetamine. They entered for the occupants' and officers' safety as well as to prevent the disposal of evidence. Once inside the officers located Richardson and co-defendant Kristin Dye, and detained both. During a search pursuant to a search warrant, the officers seized numerous items consistent with the manufacture of meth. Trooper Pyles had previously spoken with Defendant at Richardson's house, at which time he denied supplying Richardson with pseudoephedrine.

Defendant did later admit to using meth with Richardson, but denied supplying pseudoephedrine to him. A review of Board of Pharmacy records, however, showed Defendant had made several purchases of pseudoephedrine. On June 15, 2012, Defendant purchased pseudoephedrine from the Rite Aid in Buckhannon.

Defendant stated he heard, understood, and agreed with Trooper Pyles' testimony. The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Twenty-Nine of the Indictment is supported by the testimony of Trooper Pyles.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Twenty-Nine of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed; Defendant made a knowing and voluntary plea of guilty to Count Twenty-Nine of the Indictment; and Defendant's plea is independently supported by the testimony of Trooper Pyles, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Twenty-Nine of the Indictment and recommends he be adjudged guilty on said charge as contained in Count Twenty-Nine of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

It is so **ORDERED.**

DATED: April 16, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE